**No. 48328.**—Protest 96608–K of Arundell Clarke (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of Abstract 46910 the woven silk mufflers in question were held dutiable as claimed.

**No. 48329.**—Protest 551379–G of Seaboard Foreign Trading Co. (St. Louis).

Opinion by TILSON, J. It was stipulated that the hats in question are similar in all material respects to those involved in *Caradine* v. *United. States* (9 Cust. Ct. 69, C. D. 664). The protest was therefore sustained.

**No. 48330.**—Protest 675400–G of Hensel, Bruckmann & Lorbacher, Inc. (New York).

Opinion by TILSON, J. It was stipulated that the hats in question are similar in all material respects to those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664). The protest was therefore sustained.

**No. 48331.**—Protest 710385–G of John Zimmermann Co. (New York).

Opinion by TILSON, J. It was stipulated that the hats in question are similar in all material respects to those involved in. *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664). The protest was therefore sustained.

BEFORE THE FIRST DIVISION, MAY 27, 1943

**No. 48332.**—Petition 6275–R of Machado & Co. (New York).

Opinion by OLIVER, P. J. The only witness in this case was the sales manager of the petitioning company. It appeared that there was an honest difference of opinion between the petitioner and the appraising officials; that the witness conferred with the examiner and later testified that he told the examiner the invoice prices were those actually paid for these hats; that he believed such prices to be the proper dutiable value and therefore did not accept the values suggested by the appraiser, and that he would make a test case as he had other importations coming in at future dates. At the trial before the single judge the entered values of the importer were sustained (Reap. Dec. 4867). On appeal the division reversed the decision of the trial judge (Reap. Dec. 5131). There being nothing in the record to indicate the action of the petitioner in entering the merchandise was with any intention to deceive the appraiser or defraud the revenue of the United States the petition was granted.